UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MARIA ORTEGÓN, GUADALUPE ALFARO, JOSE ZARCO, IRMA ABRAHAM, GRACIELA MENDEZ, MARIA CURRAN, GUADALUPE RODRIGUEZ, MARIA HERNANDEZ, MARIBEL LEMUS and FRANCISCO MELENDEZ on behalf of themselves and all other persons similarly situated, known and unknown, | ) ) ) ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | 06 C 4053 |
| STAFFING NETWORK HOLDINGS, LLC d/b/a STAFFING NETWORK, LLC, PACKAGING PARTNERS, INC., WINGERT POTTERY CO., SOURCELINK, LLC, RACEWAY ASSOCIATES, LLC and SOCORRO GONZALEZ a/k/a SOCORRO RODRIGUEZ, individually, | ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## **MEMORANDUM OPINION**

CHARLES P. KOCORAS, District Judge:

      This matter comes before the court on the motion of Defendant Staffing Network Holdings, LLC ("Staffing Network") to dismiss three counts of the complaint of Plaintiffs Maria Ortegon, Guadalupe Alfaro, Jose Zarco, Irma Abraham, Graciela Mendez, Maria Curran, Guadalupe Rodriguez, Maria Hernandez, Maribel Lemus, and

Francisco Javier Melendez (hereinafter referred to as "Plaintiffs") for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). For the reasons set forth below, we decline to exercise supplemental jurisdiction over Counts II, IV, and VI and dismiss them without prejudice to refiling in state court. Consequently, the instant motion to dismiss is denied as moot.

## BACKGROUND

According to the allegations of the complaint, which we must accept as true for the purposes of this motion, during all relevant times Plaintiffs were day and temporary laborers as defined by the Illinois Day and Temporary Labor Service Act ("IDTLSA"). 820 ILCS 175/5. Additionally, Plaintiffs were employees of Staffing Network as defined by the Illinois Minimum Wage Law ("IMWL"). 820 ILCS 105/3. Plaintiffs Guadalupe Rodriguez, Maria Hernandez, and Maribel Lemus were also employees of Socorro Gonzalez, an agent of Staffing Network. Staffing Network and Gonzalez are day and temporary service agencies as defined by the IDTLSA. 820 ILCS 175/5.

The initial complaint, filed in the Circuit Court of Cook County, contained seven claims; they were based on the Fair Labor Standards Act ("FLSA"), the IMWL, and the IDTLSA. 29 U.S.C. § 201 et seq. Staffing Network removed the case to our court on July 26, 2006, relying on our jurisdiction over the FLSA claims. Plaintiffs subsequently amended their complaint, increasing the number of counts to 15 and adding claims based on the Illinois Wage Payment and Collection Act ("IWPCA"). The new pleading begins with three pairs of counts. The first pair concerns alleged

unpaid overtime wages, the second alleges minimum wage violations, and the third revolves around alleged hours worked without pay. The first count of each pair alleges that the behavior described violated the IMWL or the IWPCA. The second alleges that the same behavior violated the IDTLSA.

Staffing Network asserts that Counts II, IV, and VI, which allege violations of the IDTLSA, fail to state claims upon which relief can be granted. It moves to dismiss these counts pursuant to Fed. R. Civ. P. 12(b)(6).

## LEGAL STANDARD

A Rule 12(b)(6) motion to dismiss measures the sufficiency of the complaint rather than the merits of the claims it contains. Gibson v. Chicago, 910 F.2d 1510, 1520-21 (7th Cir. 1990); Triad Assocs., Inc. v. Chicago Hous. Authority, 892 F.2d 583, 586 (7th Cir. 1989). Thus, in reviewing a Rule 12(b)(6) motion to dismiss, a court must accept all of the plaintiffs' well-pleaded factual allegations as true and draw all reasonable inferences the plaintiffs' favor. Gibson, 910 F.2d at 1521. A complaint should only be dismissed if it appears beyond doubt that the plaintiffs can prove no set of facts in support of their claim which would entitle them to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Perkins v. Silverstein, 939 F.2d 463, 466-67 (7th Cir. 1991). With these principles in mind, we turn to the instant motion.

## DISCUSSION

The IDTLSA establishes a private right of action for day and temporary laborers as defined in the statute. 820 ILCS 175/5, 175/95. In pertinent part, the statute

provides that "in the case of a wage and hour violation, the amount of any wages, salary, employment benefits, or other compensation denied or lost to the day or temporary laborer by reason of the violation, plus an equal amount in liquidated damages." 820 ILCS 175/95(a)(1).

Because the IDTLSA does not specifically define the phrase "wage and hour violation," the parties spar over the proper interpretation of that statutory language. Plaintiffs assert that the legislature intended to incorporate wage and hour violations of the IMWL and the IWPCA into the IDTLSA. Plaintiffs also assert that the Illinois Department of Labor, an agency charged with enforcing the IDTLSA, has so interpreted the statute in its regulations. 56 Ill. Admin. Code 260.450(c), 260.500. Staffing Network insists that the phrase "wage and hour violation," when read in context, refers only to violations of the requirements of IDTLSA with respect to wages and hours.

As stated earlier, this case was removed to our court on the basis of federal question jurisdiction over the FLSA claims and supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367. Section 1367(a) provides district courts with jurisdiction over state law claims that are "so related to claims in the action within [the court's] original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." In <u>United Mine Workers v. Gibbs</u>, the Supreme Court recognized that, while available, this type of jurisdiction is discretionary, and not one of right. 383 U.S. 715, 726, 86 S. Ct. 1130, 1139 (1966).

The discretion to decline to exercise supplemental jurisdiction acknowledges that a federal court may not be the most appropriate judicial forum for all claims arising from a "common nucleus of operative fact." Id. at 725, 86 S. Ct. at 1138.

The circumstances when a federal court can decline to exercise the jurisdiction given in § 1367(a) are found in § 1367(c). See also Myers v. County of Lake, 30 F.3d 847, 849-50 (7th Cir. 1994). Section 1367(c)(1) provides that one such circumstance arises if "the claim raises a novel or complex issue of State law." The Supreme Court has enumerated that the decision to exercise supplemental jurisdiction when a novel state law claim is raised should be based on the "circumstances of the particular case, the nature of the state law claims, the character of the governing state law, and the relationship between the state and federal claims." . City of Chi. v. Int'l College of Surgeons, 522 U.S. 156, 172-174, 118 S. Ct. 523, 540 (1997).

To decide the motion Staffing Network has presented, we would have to construe the IDTLSA in relation to the IMWL or IWPCA. The parties have not provided, nor has our research revealed, any Illinois cases interpreting the IDTLSA or its relationship to these other statutes. The provisions of the IDTLSA apply to a large number of workers and employers in Illinois. To conclude that the IDTLSA does not incorporate the IMWL and the IWPCA may be to deny a class of persons a remedy specifically intended for them by the state legislature. To hold that the IDTLSA does incorporate the IMWL and the IWPCA may be to hold an entire group of employers liable for liquidated damages not intended by the legislature. Additionally, interrupting

the IDTLSA to incorporate IMWL and IWPCA may prejudice all Illinois workers other than day and temporary labor workers because only day and temporary labors will have a possible remedy of liquidated damages for minimum wage and overtime time violations. The interplay of the IDTLSA with existing Illinois labor laws should be considered in the first instance by a state court to hasten binding interpretation of the statutory language. Because Counts II, IV, and VI raise novel questions of law best decided by the state court, we decline to exercise supplemental jurisdiction over these three counts pursuant to 28 U.S.C. § 1367(c)(1). They are accordingly dismissed without prejudice to refiling in state court. Staffing Network's motion to dismiss is denied as moot.

## CONCLUSION

Based on the foregoing analysis, we decline to exercise supplemental jurisdiction over Counts II, IV, and VI and dismiss them without prejudice to their refiling in state court. The motion to dismiss is denied as moot.

_____
Charles P. Kocoras
United States District Judge

Dated:  February 15, 2007